RCV'D
11/29/18
J.BEE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 29 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
KEVIN GAMBLE,

                Plaintiff,

            -against-

OFFICER JOHN DOE; OFFICER JOHN DOE,

                Defendants.
----------------------------------------x

**MEMORANDUM AND ORDER**
18 CV 3169 (KAM)

KIYO A. MATSUMOTO, United States District Judge:

        Plaintiff Kevin Gamble brings this action alleging violations of the Civil Rights Act, 42 U.S.C. § 1983 and seeking damages for injuries he allegedly sustained while riding as a passenger in a New York City Department of Correction bus. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, the Complaint is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is granted thirty (30) days leave to amend the Complaint.

### I. Background

        Plaintiff alleges that he was injured while riding in a Department of Correction bus while being transported from Rikers Island to court. (ECF No. 1, Compl., at 3-4). Plaintiff alleges that on November 2, 2017, while he was in custody and being transported to the Supreme Court in New York, the driver of the New York Correctional bus he was on "slammed on his

1

[brakes] and barely missed the next car in front of him." (*Id.* at 4). Plaintiff asserts that the driver of the bus was not paying attention as he was talking with a fellow Correction Officer. Plaintiff avers that when the driver hit the brakes, it caused "the inmates to flyout of their seats and hit the gates inside the bus." (*Id.*) Plaintiff alleges that he received medical treatment for his purported injuries, which consist of migraine headaches, injuries to his left arm, swelling of his right knee, and pain in his right ankle and the joints of his right foot. (*Id.* at 4, 9). Plaintiff seeks $750,000 in monetary damages.

## II. Standard of Review

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *see also*

2

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nevertheless, under 28 U.S.C. § 1915A(a), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

### III. Discussion

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Liberally construed, Plaintiff's claim alleges that the John Doe Defendants violated his rights under

3

the Fourteenth Amendment (assuming that Plaintiff was a pretrial detainee at the time) or the Eighth Amendment (if he was a convicted inmate), by their deliberate indifference to his safety. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Since it is not clear from the Complaint whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of accident, the Court will consider the applicable standards under both the Eighth and Fourteenth Amendments.

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Smith v. Fischer*, 500 Fed.App'x. 59, 61 (2d Cir. 2012). The question under the Eighth Amendment is, thus, "whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

For claims arising under the Fourteenth Amendment, a plaintiff must plead both an objective and subjective element. The objective element requires an inmate to allege conditions that, "either alone or in combination, pose an unreasonable risk of serious damage to his health . . . ." *Darnell*, 849 F.3d at

4

30 (internal quotation marks and citations omitted). The subjective element requires that a pretrial detainee show that the official "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Thus, the "subjective prong" for a deliberate indifference claim under the Fourteenth Amendment is defined objectively. *Id.*

"Merely negligent conduct causing unintended loss or injury to life, liberty, or property is not sufficient to state a claim under the Fourteenth or Eighth Amendment." *Gregory v. City of New York*, No. 18-CV-320 (PKC), 2018 WL 3079695, at *3 (E.D.N.Y. June 21, 2018); *see also Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (citation omitted) ("But while the Due Process Clause of the Fourteenth Amendment obviously speaks to some facets of this relationship, we do not believe its protections are triggered by lack of due care by prison officials."); *see also Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) ("[W]here a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required."). Further, a negligent motor vehicle accident, in and of itself, is not actionable under 42 U.S.C. § 1983. *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir.

5

2012) ("[F]ailure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments"); *see also Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004). Otherwise, "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983." *Carrasquillo*, 324 F. Supp. 2d at 436-37 (internal quotation marks and citation omitted).

Here, Plaintiff alleges that Defendants were talking with each other rather than paying attention to the road. (Compl. at 3-4.) In doing so, Plaintiff fails to plausibly suggest that Defendants' actions were more than negligent conduct. "[N]either the Constitution, nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees. Such claims fall under the purview of state tort law . . . ." *Id.* at 436; *see, e.g., Lynch v. Jane Doe Correctional Officer Blue*, No. 14-CV-6919, 2016 WL 831969, at *4 (S.D.N.Y. Feb. 29, 2016) (plaintiff failed to plausibly allege that officers created an excessive risk of harm to her safety and consciously disregarded that risk; thus, plaintiff's Eighth Amendment claim based on her injury in the van was dismissed); *but cf. Cuffee v. City of New York*, No. 15 CV 8916, 2017 WL 1232737, at *7 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 1134768 (Mar. 27, 2017) (an "in-

6

custody plaintiff injured during transport may . . . state a deliberate-indifference claim if he or she alleges facts in addition to the absence of seatbelts and reckless driving, that, taken as a whole, suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm, and that defendants were aware of those conditions.").

**IV. Conclusion**

Based on the foregoing, it is hereby ordered that the Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. In light of Plaintiff's *pro se* status, however, he is granted thirty (30) days from the date of this memorandum and order to amend the Complaint in order to allege facts to show that Defendants' conduct rose beyond the level of mere negligence. Should Plaintiff elect to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in it any allegations from the prior complaint that he wishes to pursue.

If Plaintiff fails to comply with this memorandum and order within the time allowed, judgment shall enter. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and, therefore,

7

*in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this memorandum and order on *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

/s/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
November 27, 2018